

## In the United States District Court for the District of Maryland

Nicole Yvette Winston
12303 Proxmire Drive
Fort Washington, MD 20744
(Prince George's County)

    *Plaintiff*

v.   Civil Action:  **UC 22CV1965**

    (No Jury Requested)

U.S. Department of Education
Default Resolution Group
400 Maryland Avenue, SW
Washington, DC 20202

    *Defendant*

### Administrative Procedure Act Complaint

1   Plaintiff seeking judicial review under the *Administrative Procedure Act (APA), 5 U.S.C. § 706 (2)(A)* of the U.S. Department of Education's decision to place a student loan account associated to the Plaintiff in default.

### Jurisdiction and Venue

2   This case arises under the United States Constitution and the laws of the United States and presents a federal question within the Court's subject matter jurisdiction pursuant to *28 U.S.C. § 1331* and venue is proper in the United States District Court of Maryland pursuant to *28 U.S.C. § 1391 (b)(2)*.

1

**Background**

3    Plaintiff provides that she applied for Federal Student Aid during her law school application process, with her attending law school from August 1996 to May 1999. Plaintiff provides she specifically had a financial aid folder that included a carbon copy of the application in which she possessed 1 of 3 copies, with the other copies designated and indicated for the attending school and financial aid. However as addressed in a letter to the Department of Justice over 10 years ago, this financial aid folder was missing from her belongings as something she would have kept as important documents. She never sought or applied for a private loan other than this application. Plaintiff received her semesterly disbursements from the attending school's financial aid office as indicated in the previous U.S. Department of Education lawsuit *DKC 21-1358* and that the attending school no longer had financial aid records on her. *Attachment 9 of Plaintiff's Response to Deny "Defendant's Motion to Dismiss the Complaint, or in the alternative, for Summary Judgment" and Plaintiff's Request for a Hearing; dated October 1, 2021.*

4    Also within the previous lawsuit filing, the Plaintiff provides for fraudulent misrepresentation when in August of 1999 she received Key Bank consolidation documents of a few pages in the mail shortly after her May 1999 graduation, which she considered to be routine paperwork and signed for. However, over the course of time

she had become suspicious as to its legitimacy and considers such paperwork being sent to her as fraudulent misrepresentation and will be simultaneously filing such complaint against Key Bank with this District Court.

5      Attached are 2 letters sent in July of 2022 to the U.S. Department of Education's Default Resolution Group requesting once again that the student loan account associated with her be removed from default status, in which they replied that they would not do so. Response letter also attached. The previous filing of *DKC 21-1358* provides for communications and documents as well as a number questionable issues as it pertains to this loan account; but in addition to this, the Plaintiff provides for not just an undue burden or hardship, but that she has been terrorized for 21 of the 23 years since her law school graduation.

June 2016 federal lawsuits filed in re: to human, civil, and constitutional right violations

*Winston v. Office of Naval Research, PWG-16-1797*

*Winston v. Air Force Review Boards Agency, PJM-16-1796*

*Winston v. MD Dept. of Human Resources, et al., JKB-16-1795*

November 2017 federal lawsuit to seek information under a FOIA request

*Winston v. DOJ, et al. 8:2017 cv 03493*

December 2020 federal lawsuit under 42 U.S.C. 1983

*Winston v. Prince George's Dept. of Health, PX-20-3539*

6	Plaintiff wants to provide that she is tired of all aspects of the farce production that has been complained of for so many years. She is wanting to move on with her peace and is seeking what is fair to her.

### Supporting case of *Salazar v. King, 822 F.3d 61 (2nd   Cir. 2016)*

7	As provided, the Plaintiff also filed a case of *Winston v. U.S. Department of Education, DKC 21-1358* in June of 2021 in which the *Salazar* case is mentioned in the Court's July 6, 2022 Memorandum of Opinion, pg. 8. Once again, the Plaintiff is seeking judicial review of Department of Education's decision to place the loan account in question in default, which she considers to be arbitrary, capricious, an abuse of discretion as provided under the *APA 5 U.S.C. § 706 (2)(A)*. Plaintiff further provides for a fraudulent misrepresentation claim in which she is simultaneously pursuing against Key Bank and think it would be appropriate that the loan account be out of default status, thus not subjected to additional fees, an offset or having her information sent out to collection agencies.

8	In the *Salazar* case, plaintiffs claimed that federal student loans were fraudulently procured with false certifications and argued that the Department of Education's refusal to suspend collections and send appropriate notices were arbitrary and capricious under the APA. The Southern District of New York granted Department of Education's motion to dismiss providing that the Plaintiffs had not adequately

4

established a final agency action that would subject their case for judicial review. However, the appeals Court ruled that the case was judicially reviewable under the APA and vacated judgment of the district court and remanded the case for review.

### IV. *The Challenged Action of the DOE is Final* (from Casetext)

> To determine whether the challenged agency action is reviewable under the APA we must also decide whether the action is "final." The APA makes a *"final* agency action for which there is no other adequate remedy in a court ... subject to judicial review." 5 U.S.C. § 704 (emphasis added). The Supreme Court has explained that two conditions must be satisfied for agency action to be 'final': First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.
>
> *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (citations and internal quotation marks omitted). For the second prong, the "core question" is "whether the result of [the agency's decisionmaking] process is one that will directly affect the parties." *Sharkey,* 541 F.3d at 88. The Supreme Court has interpreted the finality element in a "pragmatic way." *Id.; see also Paskar v. U.S. Dep't of Transp.,* 714 F.3d 90, 97–98 (2d Cir.2013) (considering the "substantial practical impact" of an agency's letter in deciding if it was a final agency decision).

**Prayer for Relief**

9      Plaintiff is seeking Court's review as to whether the U.S. Department of Education placing the student loan account in question in default was arbitrary, capricious, and an abuse of discretion as provided under the *Administrative Procedure Act (APA), 5 U.S.C. § 706 (2)(A).*

To be capricious is to have an unpredictable, sudden, and unaccountable change in attitude or behavior.

In the legal context, capricious is defined in Boothe v. Roofing Supply, Inc. of Monroe: "arbitrary and capricious conduct is willful and unreasonable action without consideration or regard for the facts and circumstances."

Arbitrary and capricious is a standard for judicial review and appeal, often seen in administrative law. Under this standard, the finding of a lower court will not be disturbed unless it has no reasonable basis, or if the judge decided without reasonable grounds or adequate consideration of the circumstances.

Although there is no set standard for an arbitrary and capricious decision, guidance can be found in Natural Resources Defense Council, Inc. v. United States EPA: 5 U.S.C. § 706(2)(A) authorizes the court to "set aside agency action ... found to be ... arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Under this standard, a court must find a "rational connection between the facts found and the choice made" per Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co. (1983). The court must decide whether the agency considered the relevant factors and whether there has been a clear error of judgment; see Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416 (1971).

Scope of Review: 5 U.S.C. § 706(2)(A)

[Last updated in July of 2022 by the Wex Definitions Team]

Respectfully submitted,

_Aug. 8, 2022_
Date

_Nicole Y. Winston_
Nicole Y. Winston, Pro Se Plaintiff
12303 Proxmire Drive
Fort Washington, MD 20744
(301) 747-8785

**Attachments**

July 2022 letters to the U.S. Department of Education's Default Resolution Group

U.S. Department of Education's response dated July 27, 2022

U.S. Department of Education's NSLDS printout dated April 6, 2007

Key Bank consolidation paperwork dated August 6, 1999

**Affidavit**

The State of Maryland

Prince George's County

*Nicole Y. Winston*

I, Nicole Yvette Winston of Fort Washington, MD, am submitting this Complaint that is true and accurate to the best of my recollection, I certify that:

(1) this legal document is not for any improper purpose, such as harassment;

(2) that the claims and other legal contentions therein are warranted by existing law; and

(3) that the allegations and other factual contentions have evidentiary support or, is specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery, *FRCP 11(b)*

**SUBSCRIBED AND SWORN TO**

**BEFORE ME**, on the    5th August, 2022
                         Date

_____
Notary Public

My commission expires    10/02/2023

[Notary Seal: EUISHIK KIM, NOTARY PUBLIC, PRINCE GEORGES COUNTY, MD]

7