UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NICOLE YVETTE WINSTON, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:22-cv-01965-AAQ |
| U.S. DEPARTMENT OF EDUCATION, | * | |
| Defendant | * | |

**MEMORANDUM OPINION AND ORDER**

In this case, a *pro se* plaintiff challenges the default status of her student loan. Pending before the Court is Defendant United States Department of Education's ("Department of Education's") Motion to Dismiss, or, in the alternative, for Summary Judgment. ECF No. 26. The Court reviewed the parties' submissions and held a hearing on the Department of Education's Motion on December 6, 2023. For the reasons provided below, the Court will grant the Department of Education's Motion to Dismiss.

**BACKGROUND**

The facts outlined here, which are set forth in the Complaint, attachments to the Complaint, and other referenced filings, are construed in the light most favorable to Plaintiff Nicole Winston. Ms. Winston alleges that she took out $77,701 in student loans, between 1996 and 1999, to finance her law school education. ECF No. 1, at 2; ECF No. 1-1, at 1. Ms. Winston consolidated her loans in 1999. ECF No. 1-1, at 1. Between 2002 and 2007, Ms. Winston struggled to find employment and her loan was continuously deferred during this period. ECF No. 26-4, at 1-2; *Complaint, Winston v. U.S. Dept. of Educ.*, No. DKC-21-1358 (D. Md. July 6, 2022), ECF No. 1, at ¶ 4. In late 2008 or early 2009, Ms. Winston defaulted on her student loans. *See* ECF No. 26-2, at ¶ 7;

1

ECF No. 26-4, at 2, 5. In November of 2014, the Pennsylvania Higher Education Assistance Agency, the guaranty agency assigned to Ms. Winston's loan, transferred the loan to the U.S. Department of Education. ECF No. 26-2, at ¶ 9. In a letter dated November 13, 2014, the Department of Education notified Ms. Winston that it was the holder of her defaulted loan, which had a total outstanding balance of $208,273.33. ECF No. 26-7. The letter included information on how Ms. Winston could enter into a repayment agreement in order to remove her loan from default status and informed Ms. Winston of her option to request administrative review of the loan's status. *Id.*

Ms. Winston maintains that her loan should never have been placed in default status. ECF No. 1-1, at 3. Specifically, Ms. Winston alleges her student loan debt is unenforceable due to her disability status, various medical issues, economic difficulties, and alleged government harassment. Ms. Winston suffered a cardiovascular issue in 2007 for which she was placed on disability status. ECF No. 13-2, at 1. Additionally, Ms. Winston has purportedly suffered from severe head pressure that began in 2014. *Id.* Ms. Winston also alleges that she suffers symptoms such as "low body mass," bloating, itchy skin, and breathing problems due to what she believes is a government harassment campaign. *Id.* at 1-3. Ms. Winston also states that she has "completely ruined finances" after allegedly being "blackballed out of suitable employment." ECF No. 30, at 4, 10.

In June of 2021, Ms. Winston filed suit in this Court against the Department of Education, seeking "rescission of her loan agreements." *Winston v. U.S. Dept. of Educ.*, No. DKC-21-1358, 2022 WL 2466792, at *3 (D. Md. July 6, 2022). The Court construed Plaintiff's claim as one seeking discharge of her student loan under the Higher Education Act ("HEA") and the Administrative Procedure Act ("APA"). *Id.* The Court dismissed Ms. Winston's HEA claim for

2

lack of subject matter jurisdiction and her APA claim because the Department of Education had not taken any final agency action regarding Ms. Winston's eligibility for discharge of her student loan. *Id.* at *4-*5. In dismissing Ms. Winston's complaint, the Court noted that if Ms. Winston were seeking "relief short of discharge that might be available . . . through the APA[,] . . . such as . . . an order requiring the Department to remove the default classification, . . . she may seek leave to amend and say so clearly." *Id.* at *3.

In July of 2022, Ms. Winston sent two letters to the Department of Education's Default Resolution Group, asking to have her loan removed from default status and adjusted to its original amount of $77,701. ECF No. 1-1, at 1-3. In August of 2022, Ms. Winston filed the instant complaint, which appears to be her effort at taking the Court's previous directions. *See* ECF No. 1. Ms. Winston's Complaint alleges that the Department of Education acted arbitrarily and capriciously when it placed her loan in default status. *Id.* at ¶¶ 1, 9. Although her Complaint is silent as to the specific relief she requests, the attachments to such indicate that she seeks an order requiring the Department of Education to remove her loan from default classification.

## LEGAL STANDARD

Fed. R. Civ. P. 12(b) provides that a party may move to dismiss where the Plaintiff has "fail[ed] to state a claim upon which relief can be granted." When ruling on a motion to dismiss, the court considers whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court will consider whether the plaintiff has pled factual content allowing reasonable inferences to be drawn that the defendant is "liable for the misconduct alleged." *Id.* The plaintiff need not plead facts that are probable but must present facts showcasing more than a "sheer possibility" that the defendant's conduct is unlawful. *Id.* The plaintiff has an obligation to provide more than "a formulaic recitation of the

3

elements of a cause of action." *Twombly,* 550 U.S. at 555. Pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679. Courts must construe a self-represented party's pleadings liberally, though a "liberal construction does not mean overlooking the pleading requirements of the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## DISCUSSION

Defendant raises three arguments in support of its Motion to Dismiss. First, Defendant argues that Plaintiff's Administrative Procedures Act ("APA") claim is time-barred under the applicable six-year statute of limitations. ECF No. 26-1, at 9. Second, Defendant asserts that Plaintiff has failed to state a claim upon which relief can be granted because her complaint fails to allege any facts that demonstrate that the Department of Education's actions were arbitrary and capricious. *Id.* at 12. Finally, Defendant argues that, to the extent that Plaintiff is seeking discharge of her loan in this action, this Court lacks subject matter jurisdiction because there was no final agency action by the Department of Education to review. *Id.* at 13. This Court finds that the statute of limitations bars Plaintiff's action.

**A. The Statute of Limitations Bars Plaintiff's Claim.**

Defendant argues that a six-year statute of limitations bars Plaintiff's APA claim. At the motion to dismiss stage, courts typically do not resolve affirmative defenses based on a statute of limitations. *State Farm Mut. Auto. Ins. Co. v. Slade Healthcare, Inc.*, 381 F. Supp. 3d 536, 557 (D. Md. 2019). It is "relatively rare" for facts in a complaint to be sufficient to support ruling on an affirmative defense at the motion to dismiss stage. *Id.* However, a court may grant a motion to dismiss based on "the assertion that the cause of action is barred by the statute of limitations" when "it is clear from the facts and allegations on the face of the complaint that the statute of

4

limitations has run." *Id.* (quoting *Litz v. Md. Dep't of Env't*, 76 A.3d 1076, 1086 (Md. 2013)). In addition to the face of the complaint, upon a motion to dismiss, a court may consider other materials, such as exhibits "explicitly incorporated into the complaint by reference and those attached to the complaint," *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019), as well as documents "attached to the motion to dismiss, so long as they are integral to the complaint . . . ." *U.S. ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014). A court may also "take judicial notice of docket entries, pleadings[,] and papers in other cases without converting a motion to dismiss into a motion for summary judgment," so long as those facts are construed in the light most favorable to the non-movant. *Brown v. Ocwen Loan Servicing, LLC*, No. JPM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 Fed. Appx. 200 (4th Cir. 2016); *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (*abrogated on other grounds by Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155 (2015)). *See also Baugh v. Fed. Savs. Bank*, No. RDB-17-1735, 2018 WL 638252, at *5-6 (considering materials outside of the complaint to resolve a statute of limitations defense at the motion to dismiss stage) (*reversed on other grounds by Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535 (4th Cir. 2019)).

The APA does not have its own statute of limitations. *Jersey Heights Neighborhood Ass'n v. Glending*, 174 F.3d 180, 186 (4th Cir. 1999). There is, however, a limitations period applicable to all claims against the federal government. *See* 28 U.S.C. § 2401(a). "[E]very civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." *Id.* A complaint against a federal agency under the APA "is a 'civil action' within the meaning of section 2401(a)," and is accordingly subject to the six-year statute of limitations. *Jersey Heights Neighborhood Ass'n*, 174 F.3d at 186 (quoting *Sierra*

*Club v. Slater*, 120 F.3d 623, 631 (6th Cir. 1997)).  The six-year statute of limitations begins to run at the time of the challenged final agency action.  *Hire Order Ltd. v. Marianos*, 698 F.3d 168, 170 (4th Cir. 2012) (citing *Jersey Heights Neighborhood Ass'n*, 174 F.3d at 186).  *See also Jersey Heights Neighborhood Ass'n*, 174 F.3d at 186 ("Conduct becomes reviewable under the APA upon 'final agency action,' 5 U.S.C. § 704, in other words, when 'the agency has completed its decision[-]making process and when the result of that process is one that will directly affect the parties.'").

Plaintiff's APA claim challenges the Department of Education's decision to place her student loan in default status.  ECF No. 1, at ¶ 1.  Defendant assumes, for the sake of its statute of limitations defense, that the Department of Education's decision to put Plaintiff's student loan in default status was a "final agency action" within the meaning of the APA.[1]  The Department of Education placed Plaintiff's student loan in default status, and Plaintiff was made aware of such, in November of 2014 when the loan was assigned to the Department of Education.[2]  *See* ECF No. 26-7.  Therefore, the six-year statute of limitations began to run in November of 2014 and expired in November of 2020.  Plaintiff filed the instant action in August of 2022, approximately twenty months after the statute of limitations had expired.  Accordingly, the relevant attachments evidence that the statute of limitations has run.

---

[1] If Plaintiff were to argue that the Department of Education's decision to place her loan in default status was not a "final agency action" that caused the statute of limitations to begin accruing, the decision would not be reviewable under the APA.  5 U.S.C. § 704. ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

[2] Plaintiff does not dispute that the Court may consider Defendant's notice to Plaintiff from November 13, 2014 that her loan had been placed in default status.  Rather, as discussed below, Plaintiff argues only that her claim is subject to equitable tolling.  *See* ECF No. 30, at 4-6.  However, even if she had, Defendant has alternatively asked that its Motion be converted to one for summary judgment.  Despite notice in Defendant's initial Motion, Plaintiff has presented no argument that the Motion should not be converted or that the materials should not be considered.

Nonetheless, if, in the complaint and other materials appropriate to consider, a plaintiff alleges facts that "support a plausible argument for equitable tolling," then a court cannot dismiss the complaint as time barred. *See Hill v. Carvana*, No. 1:22-cv-37, 2022 WL 1604126, at *3 (M.D. N.C. Apr. 5, 2022); *Blackburn v. A.C. Israel Enters.*, No. 3:22-cv-146, 2023 WL 4710884, at *10 (E.D. Va. July 24, 2023) (holding that, although the claims were clearly filed outside of the limitations period, "[b]ecause the Amended Complaint allege[d] facts sufficient to show that an equitable tolling doctrine may apply to toll the . . . statute of limitations, the Court [would] not dismiss [the] claims at the motion to dismiss stage"). Plaintiff alleges her claim should benefit from such. ECF No. 30, at 6.

    a. **Jurisdiction**

As a threshold matter, this Court must determine whether it has jurisdiction to consider Plaintiff's equitable tolling argument. All statutes of limitations, including those applicable to claims against the government, are presumptively subject to arguments for equitable tolling. *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990) (holding that "the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States"). However, the presumption that a time bar may be equitably tolled is rebutted by demonstrating "that the statute of limitations at issue is jurisdictional; if so, the statute cannot be equitably tolled." *United States v. Wong*, 575 U.S. 402, 402 (2015). When a statute of limitations is jurisdictional and a litigant has failed to comply with it, "the bar deprives a court of all authority to hear a case. Hence, a court must enforce the limitation . . . even if equitable considerations would support extending the prescribed time period." *Id.* at 408-09.

This Court, as well as the Fourth Circuit, have been largely silent on the issue. Over two decades ago, this Court, in an unpublished decision held that "unlike an ordinary statute of

7

limitations, § 2401(a) is a jurisdictional condition attached to the government's waiver of sovereign immunity, and as such must be strictly construed." *Toplanchik v. Def. Fin. & Acct. Serv.*, No. 01-2881-MJG, 2002 WL 32657228, at *2 (D. Md. July 31, 2002), *aff'd*, 48 F. App'x 77 (4th Cir. 2002) (quoting *Spannaus v. U.S. Dep't of Just.*, 824 F.2d 52, 55 (D.C. Cir. 1987)). The Fourth Circuit affirmed the decision in an unpublished, non-binding decision.

Despite its non-binding nature, this Court's previous decision may have been sufficient to conclude this statute of limitations is jurisdictional were it not for subsequent decisions from the United States Supreme Court, as well as several other federal appellate courts to the contrary. First, in *Irwin v. Department of Veterans Affairs*, the Supreme Court held that even statutes of limitations that condition a waiver of sovereign immunity can be equitably tolled. 498 U.S. at 95-96. Then, in *United States v. Wong*, the Supreme Court held that § 2401(a)'s neighboring section, 28 U.S.C. § 2401(b), is not jurisdictional and thus is subject to equitable tolling. 575 U.S. at 420. 28 U.S.C. § 2401(b) provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ." The Court began by explaining that "most time bars are non-jurisdictional" and that statutes of limitations are not jurisdictional unless Congress includes a clear statement indicating otherwise. *Id.* at 409-10. Applying this rule, the Court held that this section contains "no clear statement indicating that [it] is the rare statute of limitations that can deprive a court of jurisdiction." *Id.* at 410. The section "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id.* at 411 (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515 (2006)).

Since the Supreme Court decided *Wong*, several circuits have reconsidered whether the time bar in § 2401(a) is jurisdictional. Prior to *Wong*, the circuits were evenly split on this issue,

8

but every circuit that has considered the question since *Wong* has concluded that the time bar in § 2401(a) is not jurisdictional and is accordingly subject to equitable tolling arguments. *See Herr v. U.S. Forest Serv.*, 803 F.3d 809 (6th Cir. 2015); *Chance v. Zinke*, 898 F.3d 1025 (10th Cir. 2018); *Jackson v. Modly*, 949 F.3d 763 (D.C. Cir. 2020) ("[W]e also recognize that our long-standing interpretation of the six-year statute of limitations in 28 U.S.C. § 2401(a) as jurisdictional is no longer correct in light of the United States Supreme Court's decision in *United States v. Wong*."); *N.D. Retail Ass'n v. Bd. of Governors of the Fed. Rsrv. Sys.*, 55 F.4th 634 (8th Cir. 2022); *DeSuze v. Ammon*, 990 F.3d 264 (2nd Cir. 2021).

The Fourth Circuit has not directly addressed whether the statute of limitations in § 2401(a) is subject to equitable tolling since the Supreme Court's decision in *Wong*. However, the Fourth Circuit has applied *Wong*'s "clear statement rule" to other statutes to determine if they included jurisdictional bars. *See, e.g.*, *United States v. Wheeler*, 886 F.3d 415 (4th Cir. 2018); *Nauflett v. Comm'r of Internal Revenue*, 892 F.3d 649 (4th Cir. 2018). To find a jurisdictional bar, the Fourth Circuit looks for express language limiting the authority of courts to hear untimely suits. *See, e.g.*, *Stuart v. Iancu*, 912 F.3d 693 (4th Cir. 2019). For example, in *United States v. Wheeler*, the Fourth Circuit held that a savings clause, which provides that a petition "shall not be entertained" by district courts unless certain conditions are present, is a jurisdictional bar. 886 F.3d at 425. Likewise, in *Nauflett v. Commissioner of Internal Revenue*, the Fourth Circuit found a statute of limitations to be a jurisdictional bar because its plain language expressly refers to the jurisdiction of tax courts. 892 F.3d at 652-53. Absent such express language referring to the jurisdiction of courts in some way, a statute does not include a jurisdictional bar. *See, e.g.*, *K.I. Durham Pub. Schs. Bd. of Educ.*, 54 F.4th 779, 792 (4th Cir. 2022) (holding that an exhaustion provision is not a jurisdictional bar because "it does not mention jurisdiction" and "does not contain language

expressly stating that it limits the power of the courts to hear the matter"); *Stuart*, 912 F.3d at 700 (holding that a statute of limitations is not jurisdictional because the text of the statute "addresses only the timeliness of claims; it does not refer to the district courts' 'authority to hear untimely suits'").

In accordance with *Wong*, as well as the decisions above, the statute of limitations in § 2401(a) is not a jurisdictional bar because, by its plain language, it does not refer to the district courts' authority to hear suits. § 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." This language does not explicitly refer to the jurisdiction of district courts, nor does it refer to courts' authority to "entertain" claims or "hear untimely suits," distinguishing it from statutes that the Fourth Circuit has held to include jurisdictional bars. § 2401(a)'s language is similar to § 2401(b), which provides that claims against the United States "shall be forever barred unless" they are filed within the limitations period and which the Supreme Court has found is subject to equitable tolling. Neither § 2401(b) or § 2401(a) "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." Accordingly, this Court may consider Plaintiff's equitable tolling argument despite the running of the statute of limitations period.

     **b. Equitable Tolling**

Plaintiff does not dispute that her APA claim accrued in 2014 when the Department of Education placed her loan in default status and notified her of such, nor does she dispute that she filed her claim outside of the six-year deadline. Rather, Plaintiff argues that the Court should equitably toll the statute of limitations due to the difficulty she faced in filing this lawsuit because of her disability status and because of alleged government harassment and harm. ECF 30, at 11-12.

Equitable tolling allows a plaintiff to avoid a statute of limitations period when the plaintiff shows "(1) that [they have] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way and prevented timely filing." *Edmonson*, 922 F.3d at 548 (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). The second element of equitable tolling is generally fulfilled in two circumstances: "first, when 'the plaintiff[] [was] prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant,' and second, when 'extraordinary circumstances beyond [the plaintiff's] control made it impossible to file the claims on time.'" *Cruz v. Maypa*, 773 F.3d 138, 145 (4th Cir. 2014) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Whether equitable tolling is appropriate "turns on the facts and circumstances of [each] particular case." *Harris*, 209 F.3d at 330. Equitable tolling is appropriate only in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016) (quoting *id.*).

Defendant does not contest that Plaintiff has been pursuing her rights diligently. *See* ECF No. 31, at 1-3. Rather, Defendant argues that equitable tolling is inappropriate because (1) Plaintiff has not provided sufficient factual support for her assertion that government misconduct prevented her from filing her claim, and (2) neither Plaintiff's disability nor the "extensive harassment, harm and hinderances" that allegedly prevented Plaintiff from filing her claim amounts to extraordinary circumstances warranting the application of equitable tolling. *Id.*

Plaintiff has not sufficiently alleged that an extraordinary circumstance stood in her way and prevented timely filing. Plaintiff claims that her untimely filing was due primarily to medical issues related to her disability status and an alleged campaign of government harassment. Plaintiff

11

asserts that she has suffered from "a number of serious health issues" throughout the statute of limitations period, including: a cardiovascular disorder that has affected her since 2007; severe head pressure that began in 2014; and a struggle with "low body mass," breathing difficulties, and bloating that she believes was caused by government tampering with food and household products.

While the Court is sympathetic to Plaintiff's alleged hardships, Fourth Circuit precedent does not support equitable tolling in this case. Physical illness does not amount to an "extraordinary circumstance" warranting equitable tolling where the plaintiff does not describe why their medical condition barred them from filing their claim on time. *See Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (affirming the denial of equitable tolling where the plaintiff "argue[d] that his medical condition during the limitations period [was] an extraordinary circumstance beyond his control that prevented him from filing on time" because he "provide[d] no reason why his medical condition barred him from filing his habeas petition" on time); *United States v. Taylor*, No. 01-7114, 2001 WL 1545911, at *1 (4th Cir. 2001) ("We find that [Plaintiff's] untimely and conclusory allegations of illness are insufficient to equitably toll the statute of limitations."); *Fletcher v. Carter*, No. PX-15-3897, 2018 WL 11423003, at *1 (D. Md. Mar. 29, 2018) (holding that the plaintiff's health conditions were insufficient to toll the statute of limitations and citing Federal Circuit authority that "equitable tolling for physical illness is inappropriate unless the physical infirmity prevented the party from engaging in rational thought or deliberate decision-making, or rendered the party incapable of handling his own affairs or unable to function in society"). Plaintiff has not explained why her physical symptoms prevented her from filing her claim on time.

Plaintiff also argues that she was prevented from timely filing her APA claim because she was focused on putting an end to her alleged harassment rather than pursuing this claim. *See* ECF

12

No. 30, at 12 ("[M]y documentations and lawsuits provide for extensive harassment, harm, and hindrances and I sought for such to stop as a top priority."). As noted above, Plaintiff believes her physical symptoms result from government tampering with her food, drink, and household products and was accordingly focused on this during the limitations period of her APA claim. Plaintiff asserts that she filed dozens of claims in state court and several claims in federal court between 2016 and 2019 addressing the alleged government harassment. ECF 30, at 10-12; ECF 30-1, at 2-5.

The Court does not find this to be grounds for equitable tolling. First, the Court is aware of no authority for tolling a statute of limitations because a plaintiff was focused on pursuing other causes of action. To the contrary, when a litigant "has filed other pleadings" during a time of alleged mental or physical illness, "courts have found equitable tolling inappropriate." *Clark v. Wolfe*, No. DLB-21-2642, 2023 WL 2712588, at *5 (D. Md. Mar. 30, 2023) (citing *Bilbrey v. Douglas*, 124 F. App'x 971, 973 (6th Cir. 2005); *Walker v. Schriro*, 141 F. App'x 528, 530-31 (9th Cir. 2005); *Smith v. Saffle*, 28 F. App'x 759, 760 (10th Cir. 2001)). When a plaintiff is an "active litigator" during the statute of limitations period, it undercuts their argument that they were unable to file a claim on time. *See id.* Second, to the extent Plaintiff argues that the alleged government harassment fulfills the "wrongful conduct on the part of the defendant" prong of equitable tolling, Plaintiff's allegations of government harassment are conclusory statements that are not entitled to the assumption of truth, and thus are not a basis for equitable tolling.

Finally, Plaintiff's pleadings also reference more general hardships that she has experienced throughout the years. Plaintiff alleges that she has been "blackballed out of suitable employment" and has suffered from "completely ruined finances." ECF No. 30, at 4, 10. Plaintiff also mentions that she has sought therapy and considers her disability to be "not just a physical

13

one to overcome, but a very emotional one as well." *Id.* Plaintiff is "unhappy, frustrated, and angry" due to her medical and financial situation that has left her unable to "live the fulfilling and productive life that [she] ha[s] always wanted." *Id.* Although the Court sympathizes with Ms. Winston, the endurance of psychological and emotional difficulties alone does "not meet the standard for extraordinary circumstances necessary" to toll a statute of limitations. *Parker v. Loyola Univ. Md.*, No. 21-cv-2105-LKG, 2022 WL 16553227, at *4 (D. Md. Oct. 31, 2022). *See also Braz v. Delta Airlines, Inc.*, No. 18-cv-6162-JST, 2019 WL 2059658, at *2 (N.D. Ca. May 9, 2019) ("Nor is the Court aware of any authority that financial hardship . . . warrant[s] equitable tolling. . . ."). The Fourth Circuit has cautioned that the application of the equitable tolling doctrine "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Harris*, 209 F.3d at 330. Considering the strict standard courts are to apply to arguments for equitable tolling, the doctrine is inapplicable here.

The Statute of Limitations accordingly bars Plaintiff's claim. The Court need not reach the Department's subject matter jurisdiction or merits arguments.

## CONCLUSION

For the foregoing reasons, the Department of Education's Motion to Dismiss Ms. Winston's Complaint as untimely is, hereby, granted. Ms. Winton's Complaint shall be dismissed. The Clerk is directed to close the case.

Date: December 6, 2023                             /s/
                                                                      Ajmel A. Quereshi
                                                                      U.S. Magistrate Judge